**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC.** ***doing business as*** **ABC SUPPLY CO., INC.,** | ) | **Case No. 1:26-cv-127** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| **SOLAR REVOLUTION LLC and JOHN PURVIS,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Presently pending before this Court is a motion filed by Plaintiff, American Builders & Contractors Supply Co., Inc., doing business as ABC Supply Co., Inc. ("Plaintiff"), seeking a default judgment against Defendants Solar Revolution LLC ("Solar Revolution") and John Purvis ("Purvis"). ECF No. 8. To date, Defendants have not appeared in this case or otherwise responded to the motion. For the reasons that follow, Plaintiff's motion will be granted.

## I. Factual and Procedural Background

The Complaint in this case was filed on May 18, 2026. ECF No. 1. As stated therein, Plaintiff is an entity that sells roofing, siding, windows and other select exterior and interior building products for use in the construction industry. ECF No. 1, Compl. ¶3. In April 2025, the parties entered an agreement whereby Plaintiff agreed to sell products to Solar Revolution on credit, subject to the terms and conditions of a credit agreement and a purchase agreement. Compl. at ¶¶ 10-14; *see also* ECF Nos. 1-1 and 1-2. Defendant Purvis signed the credit application on behalf of Solar Revolution, acting as its President and owner. Compl. ¶¶6-7, 10-

14; *see also* ECF Nos. 1-1 and 1-2. Purvis also executed a "Continuing Guaranty," in which he confirmed his authority to act on behalf of Solar Revolution and guaranteed to pay the company's debts. Compl. ¶¶15-17, ECF No. 1-3.

Under Section 1 of the "Credit Terms and Conditions" of the credit agreement, Solar Revolution was obligated to pay each invoice in full and would incur a late fee of 1.5% per month on any amounts unpaid. Compl. ¶22; ECF No. 1-2. Under Section 2 of those same terms and conditions, Solar Revolution was responsible for Plaintiff's costs of collection, including attorneys' fees and legal expenditures. Compl. ¶23; ECF No. 1-2. Under the terms and conditions of the Continuing Guaranty, Purvis assumed liability for any costs, legal expenses, and attorneys' fees incurred by Plaintiff in collecting on Solar Revolution's debts or enforcing the Continuing Guaranty. Compl. ¶24; ECF No. 1-3.

After requesting and accepting various goods from Plaintiff, Solar Revolution failed to pay amounts due on its invoices, such that by April 1, 2026, the company owed $89,182.67 for goods and $3,259.71 in late charges. Compl. ¶¶18-21, 25; ECF No. 1-4. Notwithstanding Plaintiff's demand for payment, Defendants failed and refused to pay the outstanding amounts. Compl. ¶29. Meanwhile, per diem late charges of $43.98 per day have continued to accrue on Defendants' account. *Id.* ¶28.

Accordingly, Plaintiff filed this lawsuit on May 18, 2026, asserting a claim against Solar Revolution for breach of the credit agreement (Count I), a claim against Purvis for breach of the Continuing Guaranty (Count II), and alternative claims against Solar Revolution for unjust enrichment (Count III), "account stated" (Count IV), and "action for price" (Count V). ECF No. 1. As relief, Plaintiff sought judgment in the amount of $92,442.38, plus prejudgment interest at the rate of 1.5% per month beginning April 1, 2026, post-judgment interest at the maximum rate

allowed by law, and Plaintiff's costs of collection, including any attorneys' fees and legal expenses. *Id.*

On May 30, 2026, Plaintiff filed its proof of service forms, indicating that both Defendants were formally served with the complaint on May 29, 2026, through personal service upon Defendant John Purvis. ECF Nos. 4, 5. Defendants had until June 22, 2026 to respond to the complaint, but failed to do so. *Id.* Thus, upon Plaintiff's request, the Clerk entered a default on June 24, 2026. ECF No. 7. This motion for entry of a default judgment followed on July 17, 2026. ECF No. 8.

**II. Standard of Review**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Following the entry of default, the clerk may enter a default judgment if the plaintiff's claim is for a sum certain, but otherwise the plaintiff must apply to the court for judgment. Fed. R. Civ. P. 55(b). It is within the court's discretion whether to enter a default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

In its exercise of discretion, the court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "'But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c).'" *Atlas Link Inc. v. Conde,* No. 5:26-CV-0703,

2026 WL 2475777, at *5 (E.D. Pa. Aug. 24, 2026) (quoting *Deutsche Bank Nat. Tr. Co. v. Strunz*, No. 1:12-CV-01678, 2013 WL 122644, at *1 (M.D. Pa. Jan. 9, 2013)).

**III. Entry of Default Judgment**

Here, the Court's analysis is straightforward due to Defendants' lack of participation in this litigation. Upon consideration of the factors listed above, the Court finds that each one weighs in favor of granting a default judgment.

First, there is a risk of prejudice to Plaintiff if default judgment is denied, as Plaintiff is owed tens of thousands of dollars under the terms of the parties' credit agreement. Any further delay in adjudication will necessarily prejudice Plaintiff's right to the amounts owed, particularly when there is no indication that Defendants intend to participate in this litigation. The delinquent payments apparently date back to September 2025, when Solar Revolution received its first invoice and failed to remit the full amount owed. ECF No. 1-4. Absent an enforceable judgment from this Court, it does not appear that Plaintiff will recover any of the money to which it is entitled.

As to the second factor, it is unknown if Defendants have any litigable defenses because they have not asserted any defense, either by answering the Complaint's allegations or by opposing the present motion. Defendants entered into the credit agreement and "Continuing Guaranty," agreed to the payment terms and obligations thereof, and then breached those provisions by failing to pay amounts due, without offering any excuse for their nonperformance. As noted, it appears that Solar Revolution became delinquent from its very first invoice, which it failed to pay in full. ECF No. 1-4. Thereafter, Solar Revolution evidently continued to accept products from Plaintiff which it never paid for. *Id.* And Purvis never honored his promise to pay

Solar Revolution's debts. No legal or equitable defense is obvious from the face of the Complaint.

Third, Defendants appear to have culpable conduct. As noted, they have neither engaged in this litigation nor offered any reason for their failure to appear - nor is any reason ascertainable from the record. On June 24, 2026, the Clerk of Court entered default against Defendants. ECF No. 7. Since then, Defendants have done nothing to cure their default. On review of the record, the Court is satisfied that Defendants' failure to answer, appear, or in any way respond to the Complaint or the present motion is due to their own culpable conduct.

Finally, the Court is satisfied that no jurisdictional deficiencies exists in this case. Based upon the information in the Complaint, it appears that the parties have diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000, giving rise to subject matter jurisdiction under 28 U.S.C. §1332. It also appears that both Defendants are citizens of this Commonwealth, conduct business here, and were properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Thus, the Court may constitutionally exercise personal jurisdiction over them.

**IV. Damages**

The next question is the amount of the judgment that should be entered. "If the court ultimately enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Clark v. Cataldo*, No. 3:25-CV-01561, 2026 WL 3521652, at *1 (M.D. Pa. Nov. 16, 2026) (quoting *DirecTV Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)). But a court "is not required to conduct an evidentiary hearing as long as it ensures that there is a basis for the damages specified in the default judgment[.]" *Hovagimian v. Home Exch. NJ LLC*, No. CV 23-4297, 2024 WL 5159883, at *8 (E.D. Pa. Dec. 18, 2024)

(internal quotation marks and citation omitted). To that end, the court may rely on "detailed affidavits and documentary evidence" that support the plaintiff's claim for damages. *Id.* (internal quotation marks and citation omitted).

Here, the allegations in the Complaint, taken as true, suffice to show that Plaintiff is entitled to damages for its breach of contract claims, and Plaintiff has submitted sworn affidavits and payment records establishing the amount of its damages. As discussed, Solar Revolution agreed to pay each invoice in full in accordance with the terms of the invoice and to pay monthly late payment charges at the rate of one and a half percent (1.5%) per month on any amount extended by Plaintiff as credit that was not paid in a timely manner. *See* Compl. ¶22; ECF No. 1-2; ECF No. 8-4. Plaintiff has shown that Solar Revolution failed to pay amounts due under its invoices dating back to September 19, 2025. *See* ECF No. 1-4. Plaintiff's Debt Recovery Analyst attests that the total amount due and owing on Solar Revolution's account as of March 31, 2026 was $92,442.38, consisting of $89,182.67 in unpaid goods and $3,259.71 in unpaid late charges. *See* Dec. of Taelor Reinart, ECF No. 8-2, ¶¶1-25. Additional late charges of $4,749.84 are due and owing for the period April 1, 2026 through and including July 17, 2026, based on a per diem rate of 1.5% (or $43.98 per day) over 108 days. *Id.* ¶25.

Also, as discussed, Solar Revolution agreed to pay any costs that Plaintiff incurred in collecting delinquent payments, including Plaintiff's attorneys' fees and legal expenses. *See* Compl. ¶23; ECF No. 1-2; ECF No. 8-4. According to counsel's affidavit and supporting documentation, Plaintiff is owed $5,070.00 in attorneys' fees and $617.34 in costs, for a total of $5,687.34. *See* Decl. of Scott H. Bernstein, ECF No. 8-12, ¶¶1-17. The Court finds this amount to be fair and reasonable.

Further, Purvis agreed in the Continuing Guaranty to pay "any and all indebtedness" incurred by Solar Revolution, including any late payment charges and Plaintiff's "costs of collection, legal expenses and attorney's fees." Compl. ¶24; ECF No. 1-3; Dec. of Taelor Reinart, ECF No. 8-2, ¶¶11, 18; ECF No. 8-5. To date, these amounts remain unpaid.

Thus, Plaintiff has presented sufficient evidence to show that it has facially valid claims against Solar Revolution and Purvis for breach of the credit agreement and breach of the Continuing Guaranty, respectively. Plaintiff's evidence also demonstrates that the amounts it has requested are fair and reasonable.

Finally, Plaintiff requests in its complaint that the Court order Defendants to pay post-judgment interest at the "maximum rate allowed by law." ECF No. 1 at 10. The Court also finds this request to be fair, reasonable, and warranted.

## V. Conclusion

Based upon the foregoing reasons, Plaintiff's motion for entry of default judgment will be granted and judgment will be entered in the amounts discussed above. An appropriate Order of Judgment follows.

Susan Paradise Baxter
United States District Judge